IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DWIGHT J. VICENTE, | CV 16-00497 DKW-RLP |
| Plaintiff, | **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |
| vs. | |
| LINDA CHU TAKAYAMA, DIRECTOR OF LABOR AND INDUSTRIAL RELATIONS, *et al.*, | |
| Defendants. | |

## ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

## INTRODUCTION

On October 3, 2016, Plaintiff Dwight J. Vicente, proceeding pro se, filed a First Amended Complaint against state employees of the Department of Labor and Industrial Relations Disability Compensation Division, a worker's compensation benefits insurer, a healthcare provider, the Governor of the State of Hawaii, and the United States Congress, alleging violations of federal law pursuant to 42 U.S.C. § 1983. The First Amended Complaint suffers from the same deficiencies as Vicente's original Complaint, previously identified in the Court's September 12, 2016 Order granting his *in forma pauperis* ("IFP") Application and dismissing the

Complaint with leave to Amend.  Dkt. No. 6.  Because Vicente again fails to state

a claim for relief or establish any basis for this Court's subject matter jurisdiction,

the Court DISMISSES the First Amended Complaint pursuant to 28 U.S.C.

§ 1915(e) and once more GRANTS Vicente leave to file an amended complaint by

no later than **October 31, 2016**.

## DISCUSSION

## I.   The First Amended Complaint Is Dismissed With Leave to Amend

### A.   Standard of Review

The Court subjects each civil action commenced pursuant to Section 1915(a)

to mandatory screening and can order the dismissal of any claims it finds

"frivolous, malicious, failing to state a claim upon which relief may be granted, or

seeking monetary relief from a defendant immune from such relief." 28 U.S.C.

§ 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

(stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua*

*sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun*

*v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the

provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Because Vicente is appearing pro se, the Court liberally construes the First

Amended Complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also*

*Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has

instructed the federal courts to liberally construe the 'inartful pleading' of pro se

litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).

The Court recognizes that "[u]nless it is absolutely clear that no amendment can

cure the defect . . . a pro se litigant is entitled to notice of the complaint's

deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas*

*v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*,

734 F.3d 967, 977-78 (9th Cir. 2013).

Nevertheless, the Court may dismiss a complaint pursuant to Federal Rule of

Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be

granted[.]"  A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a

cognizable legal theory or the absence of sufficient facts alleged.'"  *UMG*

*Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir.

2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

1990)).  A plaintiff must allege "sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see*

*also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This

tenet -- that the court must accept as true all of the allegations contained in the

complaint -- "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported

3

by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679.

## B.   The First Amended Complaint Fails To State A Claim For Relief

The First Amended Complaint, like the original Complaint, attempts to assert a Section 1983 claim for violation of Vicente's Fourteenth Amendment right to due process.  Vicente includes the following new allegations:

> 9.     Plaintiff injured his mid and low back on 5-3-87 while working at Life Center of Hilo.  On 5-6-87 plaintiff filed his workman's compensation claim on 5-6-87.  Plaintiff went for treatment at Hilo medical center in May 1987, and was seen by the Doctor's physician assistant which failed to do anything to treat Plaintiff.

> 10.     On 5-15-87 Plaintiff was seen by Michael Pestrella, D.C., being the treating physician, who was later proven to be a drug addict.  Defendants failed to conduct [a] proper investigation

into Physician[s] such as Mr. Pestrella. . . This caused Plaintiff to suffer punishment without due process, since the Defendant State of Hawaii has failed to ensure that any and all treating physicians go through a background check, and drug testing. This caused Plaintiff to be punished. Defendants have an obligation to insure that Plaintiff does not suffer punishment, or retaliation.

11.    . . . Plaintiff filed a complaint[] with Regulated Industries and call[ed] the police department concerning drug activities by Mr. Pestrella. Based on Plaintiff exercising his right to file a complaint and that Mr. Pestrella was not happy, Mr. Pestrella on 5-26-88 contacted insurance carrier to have Plaintiff do a MMPI. This was in retaliation for Plaintiff calling the police and filing complaints.

                         * * * *

16.    Defendant Department of Regulated Industries – Consumer Affairs, failed to investigate[] and they give Mr. Pestrella the license. On April 1988 [I] filed the complaint with Defendant Department Of Labor and Industrial Relations, Disability Compensation Division, since they do drug testing or criminal background checks. Nothing was done with Plaintiff's complaint.

17.    Due to Plaintiff['s] back injur[ies] he could no longer work since November 1987.

18.    In 1997 the medical fee schedule took into effect, sec HRS 12-15-32. . . Never given the 14 days to appeal, since was not given proper notice nor aware of the rule. Violates due process as it denied treatment plan for the first treatment plan for the 120 [days] yet does not go for the denial of other treatment plans for the next 120 days. Also violated Defendant's own rules as to what a denial of a treatment plan must conform to.

                         * * * *

20.     On April 6, 2000 Plaintiff filed claim that Defendant John Mullen & Company, Inc. did not pay benefits.  On October 12, 2001 received decision denial of filed claim.  A reopening hearing was given instead of review hearing.  Did not ask for reopening hearing.  Here Defendants again show how they have total control and only permitted procedure they want to go forward, in violation of the RICO act.

Vicente also re-alleges his prior claims:

40.     Plaintiff would argue that he did not file nor ask for a reopening hearing.  Defendants are the ones who did this, violating Plaintiff's constitutional rights to due process.  Plaintiff's claim[s] have never been closed and Defendants indicated that Plaintiff's workman[']s compensation claim was a reopening claim to deny Plaintiff's right to due process and unable to provide or produce evidence at such hearing.

* * * *

40.     Reliance of continual 1875 Reciprocity treaty as amended in 1887 for the United States to continue to occupy the Hawaiian Kingdom and claim jurisdiction [] over the Hawaiian Kingdom is unconstitutional.

Vicente also re-alleges his prior claim that the State's statutory workers'

compensation scheme was "illegally implemented into the Kingdom of Hawaii,"

and that Hawaii Revised Statutes § 386-5 "denies Plaintiff's right to contract."

First Amended Complaint ("FAC") ¶¶ 49-52.  Among other relief requested,

Vicente again seeks:

6)     Compensatory damages in the amount of Twenty Five Million ($25,000,000) Dollars (transferred into gold bullion) per Defendant, in their individual and official capacity.

7) Punitive damages in the amount of Twenty Five Million ($25,000,000) Dollars (transferred into gold bullion) per Defendant, in their individual and official capacity.

8) Compensatory damages in the amount of Ten Thousand ($10,000) Dollars (transferred into gold bullion) per Defendant, in their individual and official capacity for each day Defendants have occupied the Kingdom of Hawaii illegally.

9) Compensatory damages in the amount of Ten Thousand ($10,000) Dollars (transferred into gold bullion) per Defendant, in their individual and official capacity for each day Defendants have occupied the Kingdom of Hawaii illegally.

FAC at 15.

Many of the same shortcomings identified with respect to Vicente's original Complaint remain uncorrected in his First Amended Complaint. First, the Complaint fails to state a claim under Section 1983 based upon conduct that allegedly occurred in 1987, 1988, 1997 or 2000, and which formed the basis for complaints that Vicente previously filed with defendant State agencies. *See* FAC ¶¶ 9-20. These allegations are barred by the applicable statute of limitations. *See, e.g., Faaita v. Liang*, 2009 WL 89197, at *3 (D. Haw. Jan. 14, 2009) ("[T]he statute of limitations applicable to § 1983 actions in Hawaii is set forth in Hawaii Revised Statutes § 657-7, the two-year 'general personal injury' provision."); *Allen v. Iranon*, 99 F. Supp. 2d 1216, 1238 (D. Haw. 1999) ("In Hawaii, the statute of limitations for actions under Section 1983 is two years from the date of the violation."). Vicente clearly had notice of the basis for his current allegations

because he states that he filed prior claims and appealed them by October 12, 2001,

*see* FAC ¶¶ 20-21.  He is simply unsatisfied with the results of those prior

complaints and seeks relief, in some instances, nearly thirty years later.

Second, to the extent Vicente's claims are not time-barred, the First

Amended Complaint fails to state a Section 1983 claim for violation of Vicente's

Fourteenth Amendment rights.  A plaintiff bringing a due process claim must show

that there is a protected property or liberty interest at stake.  *Board of Regents v.*

*Roth*, 408 U.S. 564, 569 (1972); *Schroeder v. McDonald*, 55 F.3d 454, 462 (9th

Cir. 1995).  Vicente identifies no property or liberty interest in the benefits he

claims he was denied.  *See Larson v. Ching*, 2009 WL 2391399, at *3 (D. Haw.

Aug. 5, 2009) ("Larson does not allege that his workers' compensation claim is or

should be covered and that Liberty Mutual has refused to pay the valid claim.  To

the contrary, the documents attached to the [complaint] indicate that Larson has not

even completed the workers' compensation claim process.  Without factual

allegations indicating a right to receive benefits from the Special Compensation

Fund, Larson's conclusory allegations of discrimination and deprivation of rights

in violation of § 1983 do not satisfy the notice pleading requirements, as Larson's

factual allegations do not allow this court to draw the reasonable inference that

Ching is liable for the misconduct alleged.").  Moreover, Vicente identifies no

liberty or property interest created by Hawaii Revised Statutes ("HRS") § 386-27,

relating to the State's regulation of the qualifications and duties of health care providers.[1]  FAC ¶¶ 25-39.

Even assuming Vicente had a protected property or liberty interest, he has not alleged that he was entitled to procedural protections over and above those afforded.  Due process requires notice and an opportunity to be heard.  *See Roth*, 408 U.S. at 570 n.7.  Nor does he state a claim for violation of his right to equal protection.  *See The Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702-03 (9th Cir. 2009) (Plaintiff must show that a defendant acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class.); *Christian Gospel Church v. City and County of San Francisco*, 896 F.2d 1221, 1225 (9th Cir. 1990) (Plaintiff must show that similarly-situated classes received different treatment.).  Consequently, he fails to state a Section 1983 claim for violation of the Fourteenth Amendment.

---

[1]"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it."  *Roth*, 408 U.S. at 577.  Property interests are "determined largely by the language of the statute and the extent to which the entitlement is couched in mandatory terms."  *Assoc. of Orange County Deputy Sheriffs v. Gates*, 716 F.2d 733, 734 (9th Cir.1983).  Like property rights, liberty interests can be defined by state law.  "States may under certain circumstances create liberty interests which are protected by the Due Process Clause."  *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).  "State law can create a right that the Due Process Clause will protect only if the state law contains (1) substantive predicates governing official decisionmaking, and (2) explicitly mandatory language specifying the outcome that must be reached if the substantive predicates have been met."  *James v. Rowlands*, 606 F.3d 646, 656 (9th Cir. 2010).  Vicente cites no statute entitling him to any benefit in mandatory terms.  Rather, HRS § 386-27 relates to the qualifications and duties of health care providers.  Again, Vicente fails to plausibly allege a violation of any state-created liberty or property interest.

Third, to the extent Vicente states in a conclusory manner that unnamed defendants "are attempting to control Plaintiff's constitutional right to address grievance to the Court . . . .  Such controlling what Plaintiff can appeal is a clear violation of the RICO Act," he once more fails to state a claim.  To allege a civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claim, a plaintiff must prove "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally must establish that (5) the defendant caused injury to plaintiff's business or property."  *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th Cir. 2002) (citing 18 U.S.C. §§ 1962(c), 1964(c)); *see also* 18 U.S.C. § 1961.  The First Amended Complaint does not sufficiently plead any of these elements.

Fourth, as the Court previously informed Vicente, even if he could state a Fourteenth Amendment claim premised on Section 1983, he cannot do so against most of the defendants named in the complaint.  Again, claims for damages against the State Defendants – Takayama and Ige, in their individual and official capacities; the Department of Labor and Industrial Relations, Disability Compensation Division; Hilo Medical Investors, and the State of Hawaii – are barred by the Eleventh Amendment, including Section 1983 claims.  *See Will v. Mich. Dep't State Police*, 491 U.S. 58, 71 (1989); *Papasan v. Allain*, 478 U.S. 265, 275 (1986); *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985); *Pennhurst State*

*Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *see also Linville v. Hawaii*, 874 F. Supp. 1095, 1103 (D. Haw. 1994) (State of Hawaii has not waived its sovereign immunity for civil rights actions brought in federal court); *Sherez v. Haw. Dep't of Educ.*, 396 F. Supp. 2d 1138, 1142-43 (D. Haw. 2005) (dismissing claims against state agency and state official in his official capacity based on Eleventh Amendment immunity).

Vicente's claims against the United States Congress are similarly barred by the doctrine of sovereign immunity.  Any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States.  *Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001).  Section 1331 does not waive the United States' sovereign immunity.  *Robinson v. Salazar*, 885 F. Supp. 2d 1002, 1027 (E.D. Cal. 2012), *aff'd sub nom. Robinson v. Jewell*, 790 F.3d 910 (9th Cir. 2015); *see also Hughes v. United States*, 953 F.2d 531, 539 n. 5 (9th Cir.1992) ("A mere assertion that jurisdictional statutes apply does not suffice to confer jurisdiction when, as in this case, the government did not waive its immunity.").  Because there is no evidence or allegation that the United States has waived its sovereign immunity in the circumstances presented here, the Court lacks subject matter jurisdiction over the unspecified claims against Congress.  *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999); *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1998).

Further, Section 1983 claims do not generally lie against private parties, such as defendant John Mullen & Company, identified as "an insurance company in Hawaii."  Vicente has done nothing to cure the defect previously identified with respect to this defendant.  He alleges only that "Defendant John Mullen & Company, Inc. is a private company, they are working in conjunction with Defendant State of Hawaii."  FAC ¶ 12.  Vicente was already instructed that, in order to state a claim under Section 1983, he must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed *by a person acting under color of law*. Individuals and private entities are not normally liable under Section 1983, given these requirements, because they "are not generally acting under color of state law, and . . . '[c]onclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.'"  *Price v. State of Haw.*, 939 F.2d 702, 708 (9th Cir. 1991) (citing *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (citation omitted)).  The First Amended Complaint again offers no *facts* to support a finding that John Mullen & Company acted under color of state law for purposes of Section 1983 liability.

In short, Vicente again fails to set forth factual content that allows the Court to draw the reasonable inference that any named defendant is liable for any misconduct alleged.

### C.   <u>Subject Matter Jurisdiction Is Lacking</u>

Claims may also be dismissed *sua sponte* where the Court does not have

federal subject matter jurisdiction. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6

(9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global

Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both the district

court and counsel to be alert to jurisdictional requirements.").  "A party invoking

the federal court's jurisdiction has the burden of proving the actual existence of

subject matter jurisdiction." *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th

Cir. 1996).  "Federal courts are courts of limited jurisdiction," possessing "only

that power authorized by Constitution and statute." *United States v. Marks*, 530

F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co*., 511

U.S. 375, 377 (1994)).  At the pleading stage, a plaintiff must allege sufficient facts

to show a proper basis for the Court to assert subject matter jurisdiction over the

action. *McNutt v. Gen. Motors Acceptance Corp*., 298 U.S. 178, 189 (1936);

*Johnson v. Columbia Props. Anchorage, L.P*., 437 F.3d 894, 899 (9th Cir. 2006);

Fed. R. Civ. P. 8(a)(1).

In general, a plaintiff may establish subject matter jurisdiction in one of two

ways.  First, he may assert federal question jurisdiction based on allegations that a

defendant violated the Constitution, a federal law, or treaty of the United States.

*See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all

civil actions arising under the Constitution, laws, or treaties of the United States.").
The United States Supreme Court has recognized that a "plaintiff properly invokes
§ 1331 jurisdiction" by pleading "a colorable claim 'arising' under the Constitution
or laws of the United States." *Arbaugh v. Y & H Corp*., 546 U.S. 500, 513 (2006).
Second, a plaintiff may invoke the court's diversity jurisdiction, which applies
"where the matter in controversy exceeds the sum or value of $75,000, exclusive of
interest and costs, and is between . . . citizens of different States." 28 U.S.C.
§ 1332(a)(1). In order to establish diversity jurisdiction, a plaintiff must establish
complete diversity of the parties. *See Morris v. Princess Cruises, Inc*., 236 F.3d
1061, 1067 (9th Cir. 2001) (explaining that § 1332(a) "requires complete diversity
of citizenship; each of the plaintiffs must be a citizen of a different state than each
of the defendants").

First, Vicente erroneously invokes diversity jurisdiction pursuant to Section
1332. Nearly all of the parties – Vicente and Defendants – appear to be citizens of
Hawaii, which would preclude the application of diversity jurisdiction.

Second, Vicente again invokes federal question jurisdiction under a laundry
list of federal statutes, including Sections 1981, 1983, 1985, 1986, and 1988, and
again fails to state a claim for relief. Moreover, his haphazard references to the
United States Constitution, statutes and various international treaties are not
sufficient to create federal question jurisdiction. Any such cause of action is "so

patently without merit as to justify the court's dismissal for want of jurisdiction."
*Duke Power Co. v. Carolina Environmental Study Group, Inc*., 438 U.S. 59, 70
(1978); *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010) ("It is not enough to
utter the word 'Constitution' and then present a claim that rests on state law. If it
were, every claim that a state employee committed a tort, or broke a contract, could
be litigated in federal court. It is therefore essential that the federal claim have
some substance—that it be more than a pretext to evade the rule that citizens of a
single state must litigate their state-law disputes in state court.").

Nor does Vicente's invocation of alleged treaty violations provide a basis for
this Court's subject matter jurisdiction on the basis that Vicente is a member of the
Hawaiian Kingdom or that his alleged injuries resulted from the breach of a treaty
between the United States and the Hawaiian Kingdom. *See United States v.
Lorenzo*, 995 F.2d 1448, 1456 (9th Cir. 1993); *State v. Lorenzo*, 77 Haw. 219, 221,
883 P.2d 641, 643 (Ct. App. 1994); *Kupihea v. United States,* 2009 WL 2025316,
at *2 (D. Haw. July 10, 2009); *Waialeale v. Offices of U.S. Magistrate(s),* 2011
WL 2534348, at *2 (D. Haw. June 24, 2011) ("The Ninth Circuit, this court, and
Hawaii state courts have all held that the laws of the United States and the State of
Hawaii apply to all individuals in this State.").

Accordingly, the Court is without the authority to adjudicate these claims, and the Complaint is DISMISSED.[2]

## II.   Limited Leave To Amend Is Granted Once More

The Court is mindful that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Because amendment *may* be possible, the Court GRANTS leave to file an amended complaint, consistent with the terms of this Order, by **October 31, 2016**. This Order limits Vicente to one final attempt to amend in order to cure the specific deficiencies identified in this Order.

---

[2]The gravamen of Vicente's First Amended Complaint is that he was denied workers' compensation benefits and likewise denied the process he believes he was due during the adjudication of his claim. Chapter 386 of the Hawaii Revised Statutes workers' compensation law specifies procedures to be followed by a claimant and mandates that the director of the Department of Labor and Industrial Relations ("DLIR") has original jurisdiction over all controversies arising under the workers' compensation laws. *See* Haw. Rev. Stat. § 386-73 ("Unless otherwise provided, the director of labor and industrial relations shall have original jurisdiction over all controversies and disputes arising under this chapter."); *see also Travelers Ins. Co. v. Haw. Roofing, Inc.,* 64 Haw. 380, 387, 641 P.2d 1333, 1338 (1982) (noting that the "exclusive original jurisdiction of workers' compensation tribunals has also been confirmed in other settings"); *Taylor v. Standard Ins. Co.*, 28 F. Supp. 2d 588, 590-91 (D. Haw. 1997) (noting that "all matters regarding the entitlement of worker's compensation benefits are within the exclusive original jurisdiction of the DLIR" and therefore holding that the federal court lacked subject matter jurisdiction to adjudicate workers' compensation claims). To the extent Vicente is dissatisfied with Takayama's determination of his claim under Chapter 386, his remedy is to appeal that determination to the Labor and Industrial Relations Appeal Board. *See* Haw. Rev. Stat. § 386-73; *see also Travelers Ins. Co.*, 64 Haw. at 387, 641 P.2d at 1338 (holding that the exclusive remedy regarding a workers' compensation appeal is with the Labor and Industrial Relations Appeal Board). The Court expresses no view on whether it is now too late to do so.

If Vicente chooses to file an amended complaint, he is STRONGLY
CAUTIONED that he must clearly identify the basis for this Court's subject matter
jurisdiction.  Vicente should also clearly allege the following: (1) the constitutional
or statutory right he believes was violated; (2) the name of the defendant who
violated that right; (3) exactly what that defendant did or failed to do; (4) how the
action or inaction of that defendant is connected to the violation of Vicente's
rights; and (5) what specific injury Vicente suffered because of that defendant's
conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).  Vicente must repeat
this process for each person or entity named as a defendant.  If Vicente fails to
affirmatively link the conduct of each named defendant with the specific injury
suffered, the allegation against that defendant will be dismissed for failure to state
a claim.

An amended complaint generally supersedes a prior complaint, and must be
complete in itself without reference to the prior superseded pleading.  *King v.
Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa
Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc).  Claims dismissed without prejudice
that are not re-alleged in an amended complaint may be deemed voluntarily
dismissed.  *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with
prejudice need not be realleged in an amended complaint to preserve them for

17

appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

The amended complaint must designate that it is the "Second Amended Complaint" and may not incorporate any part of the original Complaint or First Amended Complaint.  Rather, any specific allegations must be retyped or rewritten in their entirety.  Failure to file an amended complaint by October 31, 2016 will result in automatic dismissal of this action without prejudice.

## CONCLUSION

Based on the foregoing, the Court DISMISSES the First Amended Complaint with leave to amend once more.  If Vicente decides to proceed with this action, he must file an amended complaint addressing the deficiencies identified above no later than **October 31, 2016**.  Vicente is STRONGLY CAUTIONED that failure to file an amended complaint addressing the deficiencies identified by this

///

///

///

order by **October 31, 2016** will result in the automatic dismissal of this action

without prejudice.

      IT IS SO ORDERED.

      Dated: October 4, 2016 at Honolulu, Hawaiʻi.



                                     Derrick K. Watson
                                   United States District Judge

---

Vicente v. Takayama et al.; CV 16-00497 DKW-RLP; **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**