IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DWIGHT J. VICENTE,<br><br>        Plaintiff,<br><br>  vs.<br><br>LINDA CHU TAKAYAMA,<br>DIRECTOR OF LABOR AND<br>INDUSTRIAL RELATIONS, *et al.*,<br><br>        Defendants. | CV 16-00497 DKW-RLP<br><br>**ORDER DISMISSING CASE** |

## ORDER DISMISSING CASE

On October 3, 2016, Plaintiff Dwight J. Vicente, proceeding pro se, filed a First Amended Complaint against state employees of the Department of Labor and Industrial Relations Disability Compensation Division, a worker's compensation benefits insurer, a healthcare provider, the Governor of the State of Hawaii, and the United States Congress, alleging violations of federal law pursuant to 42 U.S.C. § 1983. The First Amended Complaint suffered from the same deficiencies as Vicente's initial Complaint, as identified in the Court's September 12, 2016 Order granting his *in forma pauperis* ("IFP") Application and dismissing the Complaint with leave to amend. Dkt. No. 6. In an October 4, 2016 Order, the Court dismissed the First Amended Complaint pursuant to 28 U.S.C. § 1915(e) and again

granted Vicente leave to file an amended complaint by no later than October 31, 2016.  Dkt. No. 8.  Vicente has yet to file a Second Amended Complaint or respond to the Court's October 4, 2016 Order in any other fashion.  As a result, this action is dismissed without prejudice.

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").  The Court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him to file an amended pleading within a specified time period.  *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002).  Before dismissing an action for failure to prosecute, the Court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Id*. at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

Upon careful consideration of these factors, the Court concludes that dismissal is warranted under the circumstances.  The Court's October 4, 2016 Order was clear:

> The amended complaint must designate that it is the "Second Amended Complaint" and may not incorporate any part of the original Complaint or First Amended Complaint.  Rather, any specific allegations must be retyped or rewritten in their entirety.  Failure to file an amended complaint by October 31, 2016 will result in automatic dismissal of this action without prejudice.
>
> ****
>
> Based on the foregoing, the Court DISMISSES the First Amended Complaint with leave to amend once more.  If Vicente decides to proceed with this action, he must file an amended complaint addressing the deficiencies identified above no later than **October 31, 2016**.  Vicente is STRONGLY CAUTIONED that failure to file an amended complaint addressing the deficiencies identified by this order by **October 31, 2016** will result in the automatic dismissal of this action without prejudice.

10/4/16 Order at 18-19 (Dkt. No. 8).

Vicente's failure to comply with the Court's order hinders the Court's ability to move this case forward and indicates that he does not intend to litigate this action diligently.  *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir.1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").  This factor favors dismissal.

The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). Vicente offers no excuse or explanation for his failure to file a Second Amended Complaint. When a party offers a poor excuse (or, in this case, no excuse) for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. This factor favors dismissal.

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal. However, it is the responsibility of the moving party to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Vicente failed to discharge the responsibility to prosecute this action despite the Court's express warnings about dismissal in its prior orders. *See* Dkt. Nos. 6 and 8. Under these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh Vicente's failure to file an amended complaint, as directed by the Court in its October 4, 2016 Order.

The Court attempted to avoid outright dismissal of this action by granting Vicente two opportunities to amend his allegations and providing specific guidance on how to do so. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before

finally dismissing a case, but must explore possible and meaningful alternatives."). Alternatives to dismissal are not adequate here, given Vicente's voluntary failure to comply with the Court's order.  Under the present circumstances, less drastic alternatives are not appropriate.  The Court acknowledges that the public policy favoring disposition of cases on their merits weighs against dismissal.  On balance, however, because four factors favor dismissal, this factor is outweighed.

On the basis of the foregoing, the Court DISMISSES this action without prejudice and directs the Clerk of Court to close this case.

IT IS SO ORDERED.

DATED: November 7, 2016 at Honolulu, Hawaiʻi.



_____
Derrick K. Watson
United States District Judge

---

Vicente v. Takayama et al.; CV 16-00497 DKW-RLP; **ORDER DISMISSING CASE**